Case 1:18-cv-00668-SKO   Document 1   Filed 05/15/18   Page 1 of 10

Jeremy Pinson #16267-064
Name and Prisoner/Booking Number

U.S. Penitentiary
Place of Confinement

P.O. Box 24550
Mailing Address

Tucson AZ 85734
City, State, Zip Code

FILED
MAY 15 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Jeremy Pinson
(Full Name of Plaintiff), Plaintiff,

v.

(1) United States
(Full Name of Defendant)
(2) James Pelton
(3) Federal Bureau of Prisons
(4) _____
Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 1:18-CV-00668 SKO(PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

RECEIVED
MAY 15 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☑ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☑ Other: FTCA 28 USC 2671-80

2. Institution/city where violation occurred: Los Angeles, CA and Stockton, CA and San Francisco

## B. DEFENDANTS

1. Name of first Defendant: __United States Government__. The first Defendant is employed as: _____ at __Western Region Office__.
   (Position and Title) (Institution)

2. Name of second Defendant: __James Pelton__. The second Defendant is employed as: __Regional Clinical Director__ at __Western Regional Office__.
   (Position and Title) (Institution)

3. Name of third Defendant: __Federal Bureau of Prison__. The third Defendant is employed as: __Government__ at __USP Tucson__.
   (Position and Title) (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☑ Yes ☐ No

2. If yes, how many lawsuits have you filed? __100+ n.s.__ Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Pinson__ v. __DOJ__
      2. Court and case number: __12-CV-1872 D.D.C.__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Pending__

   b. Second prior lawsuit:
      1. Parties: __Pinson__ v. __Unknown SIA__
      2. Court and case number: __13-CV-2059 D.Ariz.__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Dismissed, Reversed by 9th Cir.__

   c. Third prior lawsuit:
      1. Parties: __Pinson__ v. __United States__
      2. Court and case number: __18-CV-227 D.Ariz.__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Pending__

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: Violation of the 1st and 8th Amendment and FTCA 28 USC 2671-80.

2. **Claim I**. Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☒ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Defendant Pelton falsely testified that I was faking being transgender in a deposition conducted by Jenner & Block in a prior lawsuit and then actively abused his position to cause staff to continuously threaten to discontinue my hormone therapy recently which if done would cause me to have a heart attack, stroke or death. Continued on page 7

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Intentional infliction of emotional distress leading to multiple suicide attempts and self castration attempts

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## CLAIM II

1. State the constitutional or other federal civil right that was violated: _See Pages 7-10_.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: _See pages 7-10_.

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   _____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   _____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____.

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:
1- Damages against United States of $900,000.00
2- Damages against Pelton for $1.00
3- Injunction enjoining BOP and Pelton from interfering with or stopping plaintiffs hormone therapy

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  4-1-18
DATE

SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

A. Defendant's Prior Lawsuits

1. Defendant Pelton has been sued many times. A compilation of such lawsuits of which the court may take judicial notice is as follows:

(i) Ajaj v. United States, No. 15-cv-2849 (D.colo.);

(ii) Jones v. Jeffrey Allen, No. 13-cv-2167 (D.colo.);

(iii) Bradley v. United States Bureau of Prisons, No. 14-cv-13 (D.Colo.);

(iv) Marshall v. Osagie, No. 13-cv-1607 (D.Colo.);

(v) Jones v. Favis, No. 11-cv-2721 (D.Colo.);

(vi) O'Kelly v. Lappin, No. 06-cv-00181 (D.Colo.);

(vii) Jackson v. FCI Herlong, No. 11-cv-2116 (E.D.Cal.);

(viii) Sams v. Thomas, No. 11-cv-333 (D.Ore);

(ix) Martine v. Federal Bureau of Prisons, No. 10-cv-1319 (C.D.Cal.);

2. These are only this listing of lawsuits known to the plaintiff at this time where Pelton has been sued.

B. PELTONS RETALIATION

1. Plaintiff was transferred to ADX Florence in 2011.

2. On one occasion between 2011 and 2014 plaintiff was examined by defendant Pelton at Pelton's intiation.

3. Throughout the examination Pelton repeatedly complaint that he had heard of the plaintiff many times and was sick of inmates who file lawsuits.

4. Pelton threatened Plaintiff with a discontinuation of the

7

medication plaintiff was prescribed and further stated, "if you ever sue me I will lie until I am blue in the face to get you."

5. Plaintiff never sued Pelton, however in late 2016 Pelton was brought as an expert witness against plaintiff and was both deposed and testified in federal court in Los Angeles.

6. At his deposition, Pelton intentionally stated Plaintiff did not suffer from the diagnoses he was being questioned about. Later in the deposition he admitted he was not qualified to make such diagnoses and that he did not even know the diagnostic criteria for such conditions. Upon information and belief Pelton's wanted to retaliate against the plaintiff by providing false and/or misleading testimony to harm the plaintiff's legal action in federal court.

7. Pelton also maliciously insinuated repeatedly at the deposition that plaintiff was not transgender and was only claiming such to receive special treatment from the BOP.

8. The plaintiff has been diagnosed as transgender by numerous psychologists, psychiatrists, and an endocrinologist not employed by the BOP.


C. FEDERAL TORT


1. Pelton owed the plaintiff a duty of care pursuant to 18 U.S.C. 4042 and Program Statement 6031.14 as well as other laws and regulations.

2. Pelton breached his duty to plaintiff by retaliating against her, and intentionally questioning plaintiff's diagnoses for retaliatory rather than clinical reasons.

8

D. STATE LAW CLAIMS

1. As a physician Pelton had a duty to tell the truth and not to harm plaintiff.

2. Pelton violated California statute and committed negligent by failing to properly diagnose plaintiff before he appeared at his deposition (See: Cal. Civ. Code 1714.8),

3. Pelton comitted professional negligence and dental malpractice in California by (1) failing to exercise skill, prudence, and diligence as other members of his profession commonly possess and exercise, (2) breaching that duty, (3) plaintiff was emotionally trauamatized by the defendant's actions doubting her gender identity and PTSD because it was intentional and malicious, (4) plaintiff nearly committed suicide following Pelton's testimony and did in fact attempt such.

E. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. The facts asserted in sections A-D are reasserted here,

F. CONFIDENTIAL INFORMATION

1. Pelton never possessed the plaintiffs consent to disclose the information he disclosed at his deposition thereby violating 5 U.S.C. 552a and the California Confidential Medical Information Act.



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*Western Regional Office*
*7338 Shoreline Drive*
*Stockton, California 95219*

January 10, 2018

**Certified Mail:**   7011 1150 0001 9793 0490

Jeremy Pinson
#16267-064
FMC Rochester
P.O. Box 4000
Rochester, MN 55903

Re: Tort Claim No. TRT-NCR-2018-01815 Received: December 4, 2017

Dear Claimant:

This is in response to the administrative claim forwarded to the Western Regional Office for review under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671, et seq. You seek $900,000.00 in compensation for alleged personal injury resultant from staff testimony at a deposition on August 5, 2016. Specifically, you allege the testimony amounted to the intentional infliction of emotional distress, which caused depression, suicidal thoughts, anxiety attacks, and emotional trauma.

Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine and settle any claim for money damages against the United States for injury to or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his or her office or employment.

After review and consideration, your claim is denied, as it contains no allegation of injury to or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his or her office or employment, for which the United States is liable.

If you are not satisfied with this determination, you are afforded six months from the mailing of this letter to bring suit in the appropriate United States District Court.

Sincerely,

DENNIS M. WONG
WESTERN REGIONAL COUNSEL

DMW/aen